UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:10-cr-78 |
| vs. ) | |
| ) | JUDGE MATTICE |
| SAMUEL REED ) | |

## MEMORANDUM AND ORDER

SAMUEL REED ("Supervised Releasee") appeared for an initial appearance before the undersigned on July 16, 2015, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition"). Those present for the hearing included:

(1) An Assistant United States Attorney for the Government.
(2) The Supervised Releasee.
(3) Attorney Erin Rust for defendant.

After being sworn in due form of law, the Supervised Releasee was informed or reminded of his privilege against self-incrimination accorded him under the 5th Amendment to the United States Constitution.

It was determined the Supervised Releasee wished to be represented by an attorney and he qualified for the appointment of an attorney to represent him at government expense. Federal Defender Services of Eastern Tennessee, Inc. was APPOINTED to represent the defendant. It was determined the Supervised Releasee had been provided with a copy of the Petition and the Warrant for Arrest and had the opportunity of reviewing those documents with his attorney. It was also determined he was capable of being able to read and understand the copy of the aforesaid documents he had been provided.

The Supervised Releasee waived his right to a preliminary hearing on July 14, 2015, but requested a detention hearing. A detention hearing was scheduled for July 16, 2015.

At the July 16, 2015, detention hearing, the Government called USPO Rashard Montgomery as a witness and moved that the defendant be detained pending the revocation hearing.

### Findings

(1) Based upon USPO Montgomery's testimony and the Supervised Releasee's

1

waiver of preliminary hearing, the undersigned finds there is probable cause to believe Supervised Releasee has committed violations of his conditions of supervised release as alleged or set forth in the Petition.

(2) The Supervised Releasee is not a risk of flight or danger to the community, and is allowed to remain on bond.

## Conclusions

It is ORDERED:

(1) The defendant shall be appear in a revocation hearing before U.S. District Judge Harry S. Mattice, Jr.

(2) The defendant shall remain on supervised release pending his revocation hearing.

(3) The defendant shall return to Court for a revocation hearing before Judge Mattice on **Monday, July 27, 2015, at 2:00 pm.**

ENTER.

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE